STEPHANIE M. HINDS (CABN 154284)
United States Attorney
MICHELLE LO (NYBN 4325163)
Chief, Civil Division
EMMET P. ONG (NYBN 4581369)
Assistant United States Attorney

    1301 Clay Street, Suite 340S
    Oakland, California 94612-5217
    Telephone: (510) 637-3929
    Facsimile: (510) 637-3724
    E-mail: emmet.ong@usdoj.gov

Attorneys for Defendant
UNITED STATES BUREAU OF RECLAMATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GOLDEN STATE SALMON ASSOCIATION; PACIFIC COAST FEDERATION OF FISHERMEN'S ASSOCIATIONS; INSTITUTE FOR FISHERIES RESOURCES; FRIENDS OF THE RIVER; and SIERRA CLUB,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES BUREAU OF RECLAMATION,<br><br>    Defendant. | Civil Action Nos. 4:19-cv-08319-JST and 4:20-cv-02016-JST<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT AND DISMISSAL WITH PREJUDICE** |

Golden State Salmon Association, Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Friends of the River, and Sierra Club ("Plaintiffs") and Defendant United States Bureau of Reclamation ("Defendant"), by and through their undersigned counsel, hereby enter into this Stipulation Regarding Settlement and Dismissal ("Stipulation") as follows:

1. Defendant shall pay to Plaintiffs sixty thousand U.S. dollars and zero cents ($60,000.00) in full and complete satisfaction of Plaintiffs' claims for attorneys' fees, costs, and litigation expenses under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, in the above-captioned matters. This payment shall constitute full and final satisfaction of any and all of Plaintiffs' claims for attorneys' fees, costs, and litigation expenses in the above-captioned matters, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer to Plaintiffs' counsel, and Plaintiffs' counsel will provide the necessary information to Defendant's counsel to effectuate the transfer. Defendant will make all reasonable efforts to make payment within sixty (60) days of the date that Plaintiffs' counsel provides the necessary information for the electronic funds transfer and this Stipulation is fully executed, whichever is later, but cannot guarantee payment within that timeframe.

2. Upon the execution of this Stipulation, Plaintiffs, having received some responsive records, hereby release and forever discharge Defendant, its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiffs assert or could have asserted in these actions, or which hereafter could be asserted by reason of, or with respect to, or which arise out of, the specific FOIA requests on which these actions are based, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned matters.

3. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

Plaintiffs having been apprised of the statutory language of Civil Code Section 1542 by Plaintiffs' attorney, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights

Plaintiffs may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiffs understand that, if the facts concerning any injuries, liability for damages pertaining thereto, or liability for attorneys' fees, costs or litigation expenses are found hereafter to be other than or different than the facts now believed by it to be true, this Stipulation shall be and remain effective notwithstanding such material difference.

4. Execution of this Stipulation and its approval by the Court shall constitute dismissal of the above-captioned matters with prejudice pursuant to Fed. R. Civ. P. 41(a).

5. The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in these actions without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendant, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in these actions, or as evidence or as an admission by the Defendant regarding Plaintiffs' entitlement to attorneys' fees, costs, or other litigation expenses under FOIA.  This Stipulation shall not be used in any manner to establish liability for fees or costs in any other case or proceeding involving Defendant.

6. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

7. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

8. This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto.  The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

9. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

10. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

STIPULATION AND [PROPOSED] ORDER REGARDING SETTLEMENT AND DISMISSAL WITH PREJUDICE
NOS. 4:19-CV-08319-JST AND 4:20-CV-02016-JST            2

11.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

12.    The Court will retain jurisdiction for the sole purpose of enforcing this Stipulation.

IT IS SO STIPULATED.

DATED: April 13, 2022                                    Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Emmet P. Ong\**
EMMET P. ONG
Assistant United States Attorney

*Attorneys for Defendant United States Bureau of Reclamation*

DATED: April 13, 2022                                    EARTHJUSTICE

*/s/ Marie E. Logan*
STACEY P. GEIS
NINA C. ROBERTSON
MARIE E. LOGAN

*Attorney for Plaintiffs Golden State Salmon Association, Pacific Coast Federation of Fishermen's Associations, Institute for Fisheries Resources, Friends of the River, and Sierra Club*

*In compliance with Civil Local Rule 5-1(h)(3), the filer of this document attests under penalty of perjury that concurrence in the filing of the document has been obtained from the other Signatory.

**[PROPOSED]** ORDER

Pursuant to the stipulation of the parties, IT IS SO ORDERED.

DATED: April 20, 2022

_____
HON. JON S. TIGAR
United States District Judge